IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN MICHAEL CREDICO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| STATE POLICE, ET AL. | : | NO. 09-691 |

**MEMORANDUM**

Padova, J.                                                                                                                                     January 27, 2010

*Pro se* Plaintiff Justin Michael Credico brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging improper treatment and false arrest by the Pennsylvania State Police, Delaware County Park Police, and West Goshen Police Department, and improper treatment by West Chester University, the George W. Hill Correctional Facility, and Dr. Arthur Boxer. Chester County and Delaware County have also been named as Defendants in this action. All Defendants have filed Motions to Dismiss.[1] For the following reasons, the Motions are granted.

**I.    BACKGROUND**

The Complaint and Amended Complaint allege the following facts. Plaintiff acted as a confidential informant for the Pennsylvania State Police. (Am. Compl. ¶ B(2).) His identity was exposed and the individuals against whom he had cooperated with the State Police went after him. (Id.)

---

[1]Plaintiff has not filed a response to any of the Motions to Dismiss. Local Rule of Civil Procedure 7.1 provides that any party opposing a motion shall respond to the motion within 14 days after service. See Local Rule 7.1(c). In the absence of a timely response, the motion may be granted as uncontested. Id. Notwithstanding this Rule, the United States Court of Appeals for the Third Circuit has recommended that trial courts not grant motions to dismiss pursuant to Rule 12(b)(6) in *pro se* civil rights actions without analyzing the merits of the underlying complaint. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Accordingly, we consider the merits of Plaintiff's Complaint and Amended Complaint rather than grant the Motions to Dismiss as uncontested.

Plaintiff was illegally arrested and charged with disorderly conduct by the Park Police for giving a police officer the finger.[2] (Id. ¶ B(3).) On another occasion, in October 2008, Plaintiff gave the finger to a West Goshen Police Officer who responded by pointing his taser at Plaintiff and yelling "stop." (Id.) The West Goshen Police Department also illegally searched Plaintiff three times in connection with one incident. (Compl., Part V.) Plaintiff was arrested by the West Goshen Police Department on November 6, 2008 and told not to have any contact with Senator Casey. (Am. Compl. ¶ B(3).) Plaintiff was interviewed by Dr. Boxer for 25 minutes on November 12, 2008 and declared to be mentally incompetent. (Compl., Part V, Am. Compl. ¶ B(4).) Dr. Boxer exposed Defendant as an informant and exposed his Calculus I grade. (Compl., Part V; Am. Compl. ¶ B(4).)

The West Chester University Police followed Plaintiff around campus, invaded his right to assembly, asked him out for a cup of coffee, and accused him of computer hacking. (Compl., Part V; Am. Compl. ¶ B(7).) The West Chester University Police also disturbed Plaintiff while he was in the University library to ask him to prepare a report on African spammers that was later provided to the FBI. (Am. Compl. ¶ B(7).) The West Chester University Police charged Plaintiff with harassment, disorderly conduct, and using a Linux CD. (Id.)

Plaintiff was held in the George W. Hill Correctional Facility (the "Prison") in June 2008. (Id. ¶ B(8).) While he was there, he was forced to urinate in a plastic bag. (Id.) He was threatened with transfer to a mental institution if he refused to take Depakote while he was incarcerated in the Prison. (Id.) When he was discharged in February 2009, his watch, flashlight and expired state identification card were stolen. (Id.)

---

[2]The Amended Complaint states that the Park Police reside in Delaware County. (Am. Compl. ¶ B(6).) We conclude, accordingly, that the Amended Complaint asserts this claim against the Delaware County Park Police.

Plaintiff has brought this action against the following Defendants: the Commonwealth of Pennsylvania, the Pennsylvania State Police, and West Chester University (collectively the "Commonwealth Defendants"); Chester County[3]; the West Goshen Police Department; Dr. Boxer; and the Prison, the Park Police and Delaware County (the "Delaware County Defendants")[4]. Plaintiff seeks an award of monetary damages. The Commonwealth Defendants argue that this action should be dismissed as against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In addition, the remaining Defendants have moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

The Commonwealth Defendants have asserted a facial challenge to this Court's subject matter jurisdiction over Plaintiff's claims against them pursuant to Rule 12(b)(1). The legal standard "is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Petruska v. Gannon Univ., 462 F.3d 294, 299 n.1 (3d Cir. 2006) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we look "to the facts alleged in the complaint and its attachments." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of

---

[3]Plaintiff contends that, since the Pennsylvania State Police and the Wester Chester University Police both reside in Chester County, Chester County is responsible for their actions. (Am. Compl. ¶ B(5).)

[4]Plaintiff contends that, since the Pennsylvania State Police, Dr. Boxer, the Prison, and the Park Police all reside in Delaware County, Delaware County is responsible for their actions. (Am. Compl. ¶ B(6).)

Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will grant a Rule 12(b)(6) motion if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

### III. DISCUSSION

Plaintiff's Amended Complaint does not state the legal basis of his claims against any of the Defendants. However, his initial complaint was filed on the form to be used by prisoners filing a civil rights complaint pursuant to 42 U.S.C. § 1983. We thus treat his claims against Defendants (with the exception of Dr. Boxer) as having been brought pursuant to § 1983.[5] Section 1983 provides, in pertinent part, as follows:

---

[5]Plaintiff has asserted only state law claims against Dr. Boxer.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

### A. The Commonwealth Defendants' Motion to Dismiss

The Commonwealth Defendants argue that Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(1) as they are barred by the Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has concluded that the Eleventh Amendment also prevents the federal courts from hearing suits brought against a state by a citizen of that state. See Atascadero State Hosp. v. Scanlon,

473 U.S. 234, 238 (1985) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). There are two exceptions to this bar, if the state consents to suit or if Congress abrogates the state's immunity. Id. (citations omitted). Pennsylvania has, by statute, expressly withheld its consent to be sued in federal court. See 42 Pa. Cons. Stat. Ann. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Congress did not abrogate the sovereign immunity of the states with respect to lawsuits brought pursuant to § 1983. Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985) (noting that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity" (citing Quern v. Jordan, 440 U.S. 332 (1979) and Edelman v. Jordan, 415 U.S. 651 (1974))). We conclude that the Eleventh Amendment prevents this Court from hearing Plaintiff's claims against the Commonwealth of Pennsylvania.

"The Eleventh Amendment's bar extends to departments or agencies of the state having no existence apart from the state." Graham v. Pa. State Police Lancaster County, Civ. A. No. 09-3106, 2009 U.S. Dist. LEXIS 102550, at *4 (E.D. Pa. Nov. 3, 2009) (citing Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) and Altieri v. Pa. State Police, Civ. A. No. 98-5495, 2000 U.S. Dist. LEXIS 5041, at *15 (E.D. Pa. Apr. 20, 2000); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429-30 (1997). The Pennsylvania State Police is a department or agency of the Commonwealth of Pennsylvania that has no existence apart from the Commonwealth. Graham, 2009 U.S. Dist. LEXIS 102550, at *4 (citing Altieri, 2000 U.S. Dist. LEXIS 5041, at *16, and Smith v. Luciani, Civ. A. No. 97-3613, 1998 U.S. Dist. LEXIS 4291, at *13 (E.D. Pa. Mar. 31, 1998). The Pennsylvania State System of Higher Education is also an agency of the Commonwealth "entitled to Eleventh Amendment immunity." Bowers v. NCAA, 475 F.3d 524, 546 (3d Cir. 2007) (citing Skehan v. State

6

Sys. of Higher Educ., 815 F.2d 244 (3d Cir. 1987)). West Chester University is part of the Pennsylvania State System of Higher Education. 24 Pa. Stat. Ann. § 20-2002-(A)(14). Consequently, the Eleventh Amendment also prevents this Court from hearing Plaintiff's claims against the Pennsylvania State Police and West Chester University. We conclude that we lack subject matter jurisdiction over Plaintiff's claims against the Commonwealth Defendants as those claims are barred by the Eleventh Amendment. The Commonwealth Defendants' Motion to Dismiss is, therefore, granted.

B. Chester County's Motion to Dismiss

Chester County argues that Plaintiff's claim against it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff's only claim against Chester County is based on its housing both the Pennsylvania State Police and Wester Chester University. (Am. Compl. ¶ B(5).) Neither the Complaint nor the Amended Complaint filed by Plaintiff in this action allege that Chester County, or any individual working for or on behalf of Chester County, deprived Plaintiff of a right secured by the United States Constitution or federal law. We hold, accordingly, that Plaintiff has failed to state a claim against Chester County upon which relief may be granted. See Kaucher, 455 F.3d at 423. Chester County's Motion to Dismiss is, therefore, granted.

C. West Goshen Police Department's Motion to Dismiss

The West Goshen Police Department argues that Plaintiff's claim against it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The Complaint and Amended Complaint allege that: (1) a West Goshen Police Officer once pointed a taser at Plaintiff in response to Plaintiff's giving him "the finger[;]" (2) a member of the West

7

Goshen Police Department told Plaintiff not to have any contact with Senator Casey; and (3) the West Goshen Police Department illegally searched Plaintiff three times. (Compl., Part V; Am. Compl. ¶ B(3).) Reading the Complaint and Amended Complaint in the light most favorable to Plaintiff, we conclude that they assert claims against the West Goshen Police Department pursuant to Section 1983 for false arrest and illegal search in violation of the Fourth Amendment.

A municipal police department cannot be sued separately from the municipality of which it is a part because it is not a separate, independent entity. See Debellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (citations omitted); see also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability." (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 671 n.7 (3d Cir. 1988))). We will, accordingly, treat these claims as if they were asserted against West Goshen Township.

A municipality may only be liable under Section 1983 when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978). A municipal policy is defined as a "'statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers.'" Simmons v. City of Philadelphia, 947 F.2d 1042, 1059 (3d Cir. 1991) (quoting Monell, 436 U.S. at 690). A municipal custom consists of "'such practices of state officials . . . [as are] so permanent and well settled as to constitute a custom or usage with the force of law.'" Id. (quoting Monell, 436 U.S. at 691) (internal quotation marks omitted).

Once a policy or custom is identified, a plaintiff must establish that the municipality

maintained the policy or custom with "deliberate indifference" to the constitutional deprivations that the policy or custom caused. City of Canton v. Harris, 489 U.S. 378, 389 (1989); see also Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996) (stating that the "deliberate indifference" standard, though originally created in the context of a failure to train claim, has been applied to other claims of municipal liability based on policy or custom). Deliberate indifference may be established by evidence that policymakers were aware of the constitutional deprivations and of the alternatives for preventing them, "but either deliberately choose not to pursue these alternatives or acquiesced in a long-standing policy or custom of inaction in this regard." Simmons, 947 F.2d at 1064 (footnote omitted); see also Bd. of County Comm'rs v. Brown, 520 U.S. 397, 407 (1997) ("If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action -- the 'deliberate indifference' -- necessary to trigger municipal liability." (citing City of Canton, 489 U.S. at 390 n.10)). In addition, a plaintiff must also prove that the municipal policy or custom was "the proximate cause of the injuries suffered." Beck, 89 F.3d at 972 n.6 (citation omitted). The United States Court of Appeals for the Third Circuit has explained that "[a] sufficiently close causal link between . . . a known but uncorrected custom or usage and a specific violation is established if occurrence of the specific violation was made reasonably probable by permitted continuation of the custom." Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir.1990) (quotation omitted).

    Reading the allegations of the Complaint and the Amended Complaint together in the light most favorable to the Plaintiff, we find that they do not allege any of the required elements of a

9

Monell claim: (1) a municipal policy or custom that results in constitutional infringement; (2) a widespread pattern of deliberate indifference or a failure to adequately and properly train or supervise West Goshen police officers; and (3) a resulting denial of Plaintiff's constitutional rights. We conclude, accordingly, that the Complaint and Amended Complaint fail to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face" against West Goshen Township. Iqbal, 129 S. Ct. at 1949 (internal quotation omitted). We hold, therefore, that Plaintiff has failed to state a claim against West Goshen Township upon which relief may be granted. West Goshen Police Department's Motion to Dismiss is, therefore, granted.

    D.    Dr. Boxer

Dr. Boxer maintains that Plaintiff's claims against him should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The Amended Complaint asserts a claim against Dr. Boxer for exposing his Calculus I grade. (Am. Compl. ¶ B(4).) The Complaint also alleges that Dr. Boxer exposed the Plaintiff as an informant and examined Plaintiff and found him to be mentally incompetent. (Compl., Part V.) Reading the Complaint and Amended Complaint in the light most favorable to Plaintiff, we conclude that they assert claims against Dr. Boxer for breach of doctor-patient confidentiality in violation of 42 Pa. Cons. Stat. Ann. § 5929, invasion of privacy, and malpractice.

Pennsylvania's physician-patient privilege law states that:

> [n]o physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries.

42 Pa. Cons. Stat. An. § 5929. The statute prohibits a doctor from exposing "a patient's communications if doing so would release confidential information which was acquired in attending to and treating the patient and which would blacken the character of the patient." Grimminger v. Maitra, 887 A.2d 276, 279-80 (Pa. Super. Ct. 2005) (citations omitted). Neither the Complaint nor the Amended Complaint allege that Dr. Boxer treated Plaintiff for any physical or mental illness or injury or that he acquired any of the information he allegedly disclosed in the course of such treatment. We conclude, accordingly, that the Complaint and Amended Complaint fail to state a claim for violation of the physician-plaintiff privilege upon which relief could be granted.

Pennsylvania recognizes four theories of invasion of privacy: "[1] unreasonable intrusion upon the seclusion of another, [2] appropriation of the other's name or likeness, [3] unreasonable publicity given to another's private life, and [4] publicity that unreasonably places the other in a false light before the public . . . ." Burger v. Blair Med. Assocs., Inc., 964 A.2d 374, 376 (Pa. 2009) (citing Restatement (Second) of Torts §§ 652B-652E). Unreasonable publicity given to another's private life is the theory that best fits the facts alleged in the Complaint and Amended Complaint. In accordance with this theory, "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." Burger, 964 A.2d at 379 (citing Restatement (Second) of Torts § 652D). The element of publicity "requires that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Harris by Harris v. Easton Publ'g Co., 483 A.2d 1377, 1384 (Pa. Super. Ct. 1984) (citing Restatement (Second) of Torts § 652D, cmt. a, and Wells v. Thomas, 569 F. Supp. 426 (E.D.

Pa. 1983)). "Disclosure of information to only one person[,]" or even to as many as four people, is insufficient to satisfy this requirement. Id. (citing Nagy v. Bell Tel. Co. of Pa., 436 A.2d 701 (1981), and Vogel v. W.T. Grant Co., 327 A.2d 133 (Pa. 1974)). Neither the Complaint nor the Amended Complaint avers the number of persons to whom Dr. Boxer allegedly revealed Plaintiff's private information. We conclude, therefore, that the Complaint and Amended Complaint fail to state a claim for invasion of privacy upon which relief may be granted.

The Pennsylvania Supreme Court has explained that "'[m]edical malpractice consists of a negligent or unskillful performance by a physician of the duties which are devolved and incumbent upon him on account of his relations with his patients, or of a want of proper care and skill in the performance of a professional act.'" Stimmler v. Chestnut Hill Hosp., 981 A.2d 145, 154 (Pa. 2009) (quoting Quinby v. Plumsteadville Family Practice, 907 A.2d 1061, 1070 (Pa. 2006)). In order to state a claim for medical malpractice, a plaintiff must allege: "'a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of harm.'" Id. (quoting Quinby, 907 A.2d at 1070). Moreover, in "'all but the most self-evident medical malpractice actions there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation.'" Id. at 154-55 (quoting Quinby, 907 A.2d at 1070-71). The Complaint alleges that Dr. Boxer examined Plaintiff for 25 minutes and deemed him to be mentally incompetent. (Compl., Part V.) The Amended Complaint alleges that someone at the Prison told Plaintiff to take Depakote or he would be placed in a mental institution. (Am. Compl. ¶ B(8).) Taking the factual allegations of the Complaint and Amended Complaint as true, and drawing all reasonable inferences in favor of the Plaintiff, we conclude that the Plaintiff alleges that he was

incorrectly found to be mentally incompetent following an inadequate examination and, as a result of this diagnosis, was wrongly forced to take Depakote, a medication that is used to treat mania in individuals with bipolar disorder, as well as seizures and migraine headaches. See MedLinePlus, Valproic Acid, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682412.html (last visited Jan. 21, 2010). Neither the Complaint nor the Amended Complaint alleges that Plaintiff was harmed by the alleged malpractice or that he incurred damages as a direct result of that harm. We hold, therefore, that Plaintiff has failed to state a medical malpractice claim against Dr. Boxer upon which relief may be granted. Dr. Boxer's Motion to Dismiss is, accordingly, granted.

  E. <u>The Delaware County Defendants' Motion to Dismiss</u>

The Delaware County Defendants argue that Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[6] The Amended Complaint asserts a claim for false arrest against the Park Police (for giving a Park Police Officer the "finger"), and asserts a claim against Delaware County on the ground that it is the home of the Pennsylvania State Police, Dr. Boxer, the Prison, and the Park Police. (Am. Compl. ¶¶ B(3), B(4) and B(6).) The Amended Complaint also asserts that, while Plaintiff was held in the Prison, he was forced to urinate in a plastic bag and take Depakote. (Am. Compl. ¶ B(8).) The Amended Complaint further asserts that, when Plaintiff was discharged in February 2009, his watch, flashlight and expired state identification card were stolen. (Id.) Reading the Amended Complaint in the light most favorable to the Plaintiff, we conclude that it avers a claim against the Prison for cruel and unusual punishment in violation of the Eighth Amendment.

---

[6]Two Motions to Dismiss have been filed by the Delaware County Defendants. One was filed by the Park Police and Delaware County (Docket No. 7); the second was filed by the Prison (Docket No. 18).

As we discussed in Section III.C. above, a municipal police department cannot be sued separately from the municipality of which it is a part because it is not a separate, independent, entity. See Debellis, 166 F. Supp. 2d at 264 (citations omitted); Bonenberger, 132 F.3d at 25 n.4. Consequently, we will also treat Plaintiff's false arrest claim against the Park Police as if that claim had been asserted against Delaware County.

The Delaware County Defendants argue that Plaintiff's claim regarding the mistreatment he allegedly received while held in the Prison should be dismissed because the Prison is not a person subject to suit pursuant to § 1983. "In the Third Circuit, it is well-settled that a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." Regan v. Upper Darby Twp., Civ. A. No. 06-1686, 2009 U.S. Dist. LEXIS 19807, at *14 (E.D. Pa. Mar. 11, 2009) (listing cases). Consequently, the courts in this judicial district "have held that the Delaware County Prison, a/k/a the George W. Hill Correctional Facility, is not a legal entity that is amenable to suit." Id. at *16 (citing Ignudo v. McPhearson, No. 03-5459, 2004 U.S. Dist. LEXIS 10950, at *4 (E.D. Pa. Jun. 10, 2004); Jenkins v. Del. County Prison, No. 91-7071, 1992 U.S. Dist. LEXIS 3574, at *3 (E.D. Pa. Mar. 20, 1992); and Day v. Del. County Prison, No. 91-6935, 1991 U.S. Dist. LEXIS 16346, at *1 (E.D. Pa. Nov. 12, 1991)). We conclude that the Prison is not a person subject to suit pursuant to § 1983 and that the Amended Complaint fails to state a claim against the Prison on which relief may be granted for that reason. However, since Plaintiff is appearing *pro se*, we will treat these claims as though they have been asserted against Delaware County, the municipality of which the Prison is a part.

The Delaware County Defendants argue that Plaintiff's claims of false arrest and mistreatment during his incarceration should be dismissed because they fail to allege the required

14

elements of Monell claims. We agree. Reading the allegations of the Complaint and the Amended Complaint together in the light most favorable to Plaintiff, we find that they do not allege a municipal policy or custom that resulted in constitutional infringement; a widespread pattern of deliberate indifference or a failure to adequately and properly train or supervise the Park Police or Prison employees; or a resulting denial of Plaintiff's constitutional rights. We conclude, accordingly, that the Complaint and Amended Complaint fail to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face" with respect to Plaintiff's false arrest and the violations of Plaintiff's rights that allegedly occurred in the Prison. Iqbal, 129 S. Ct. at 1949 (internal quotation omitted). We hold, therefore, that Plaintiff has failed to state a claim against the Park Police, the Prison, or Delaware County upon which relief may be granted. The Delaware County Defendants' Motions to Dismiss are, therefore, granted.

## IV. CONCLUSION

For the foregoing reasons, the Motions to Dismiss brought by the Commonwealth of Pennsylvania, West Chester University, and the Pennsylvania State Police; the County of Chester; the Delaware County Park Police and Delaware County; the George W. Hill Correctional Facility; and Dr. Arthur Boxer are granted. In civil rights cases, "district courts must offer amendment -- irrespective of whether it was requested -- when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002))). Futility "means that the complaint, as amended, would fail to state

a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). In assessing futility, we apply the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). Id. (citation omitted). Viewing the Complaint and Amended Complaint in the light most favorable to the Plaintiff, we conclude that further amendment would be futile in this case.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.